NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

JOHN W. TATE

        Plaintiff,

vs.

MORRIS COUNTY PROSECUTORS
OFFICE, et al.,

        Defendants.

---

Civil Action No.: 09-2440 (PGS)

**MEMORANDUM & ORDER**

**SHERIDAN, U.S.D.J.**

    This matter comes before the Court on a Motion to Dismiss the Complaint of Plaintiff John W. Tate ("Plaintiff"), filed by State Defendants – Office of the Attorney General (OAG); the Division of Youth and Family Services (DYFS); Deputy Attorneys General Patricia Parker, Ester Bakyoni, and Martin Mooney; and former and current DYFS employees Joanne Graves, Lisa Finnegan, Grace Lundry, Laura Eure, and Jackie Mathes. (ECF No. 110.).

**I.**

    The allegations in Plaintiff's complaint arise from his May 2003, arrest, incarceration, interrogation, and criminal prosecution. On May 20, 2003, Plaintiff was arrested on Warrant No. W409580 and interrogated by Morris County Prosecutor's Office (MCPO) detectives for alleged sexual assault, sexual contact, and endangering the welfare of a minor. The interrogation was conducted by Detective Stephen Wilson, who was acting under the control of Assistant

Prosecutor Margaret Calderwood and Department of Corrections Internal Affairs Officer Caprice Chavers. Detective Wilson allegedly denied Plaintiff's right to counsel, refused to record any part of the interrogation, refused to respect the privacy of Plaintiff by interrogating him in the presence of others, and did not read Plaintiff his Miranda warnings, before, during, or after any conversation or interrogation. On the same day, the MCPO, through Detectives Wilson and George Botsko, fingerprinted Plaintiff even though Plaintiff had refused to do so without an attorney present.

In June 2003, a Morris County Grand Jury indicted Plaintiff for sexual assault, sexual contact, and endangering the welfare of a minor. This indictment was dismissed on October 23, 2004, for constitutional violations, grand jury abuse, and prosecutorial misconduct by the prosecutor. Plaintiff was re-indicted in October 2004. During both indictments, Plaintiff asserted that the Grand Jury was never informed of relevant facts and information, known and in the possession of the OAG, DYFS, and a number of other parties. On June 4, 2009, Plaintiff accepted a plea and pled guilty to N.J.S.A. 9:6-3, Fourth Degree Child Neglect.

On October 18, 2006, Plaintiff filed a complaint against the Morris County Prosecutor's Office, Assistant Prosecutor Calderwood, and Detective Wilson in a matter captioned *Tate v. MCPO, Superior Court of New Jersey*, Law Division, Morris County, Docket No. MRS-L-2967-06. Plaintiff alleged that during the May 20, 2003 incident, Defendants engaged in perjury, prosecutorial misconduct, flagrant grand jury abuse, constitutional violations; failed and refused to present known exculpatory evidence to the grand jury; secured illegally obtained evidence; interrogated Plaintiff without informing him of his Miranda rights; and did not record the interrogation, despite Plaintiff's request. The Honorable David B. Rand, J.S.C. granted

2

Defendants' motion for summary judgment, and dismissed Plaintiff's Amended Complaint without prejudice to Plaintiff's right to re-assert those claims after the conclusion of his criminal proceeding.

In October 2006, Plaintiff filed a federal complaint against some other Defendants, including MCPO, OAG, DYFS, and the individual Defendants mentioned above, alleging a violation of his Miranda rights, malicious prosecution, and denial of a speedy trial. *See Tate v. Morris Cnty. Prosecutor's Office*, 284 Fed. Appx. 877 (3d Cir. 2008). Similar to this case, Plaintiff's complaint alleged that those claims arose from the May 20, 2003 arrest, interrogation, and prosecution. On April 17, 2007, the federal action was dismissed by Hon. Susan Wigenton, U.S.D.J. Plaintiff appealed to the Court of Appeals of the Third Circuit, which remanded a limited part of the matter "to afford Plaintiff an opportunity to file a single concise amended complaint asserting claims he believes he may have regarding the denial of access to legal materials and physical treatment while Plaintiff was incarcerated as a pretrial detainee at the Morris County Correctional Facility." *Id.* at 880. The Third Circuit directed Plaintiff to only allege a cause of action against the prison personnel. On September 15, 2008, Plaintiff disregarded the Third Circuit's directive and filed an Amended Complaint, which named the same State Defendants and re-alleged the same claims that had been previously dismissed by Judge Wigenton. Accordingly, Judge Wigenton dismissed Plaintiff's Amended Complaint on October 7, 2008.

Despite the prior rulings, the Plaintiff filed this current complaint on February 9, 2010. Plaintiff alleges that the OAG, DYFS, and the individual Defendants (1) violated his constitutional rights under 42 U.S.C. § 1983, (2) violated his Due Process rights, (3) engaged in

a conspiracy to violate his civil rights, (4) intentionally inflicted emotional distress upon him, (5) acted negligently, and (6) abused the legal process.

## II.

This is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 55 U.S. at 555). When evaluating a motion to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

## III.

The OAG, DYFS, and the individual Defendants assert Plaintiff's claims against them should be dismissed, pursuant to Federal Rule of Civil procedure 12(b)(6), for a multitude of reasons, one of which is *res judicata*. *Res judicata* applies when there has been "(1) a final

4

judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 172-73 (3d Cir. 2009) (citation omitted).

The Court is satisfied that Plaintiff's Amended Complaint is barred by the doctrine of *res judicata*. The claims against the State Defendants were dismissed by Judge Wigenton in the federal action; Plaintiff has named the same parties in the current suit as in the October 2006 action; and this current suit is based on the same causes of action -- violation of constitutional rights under 42 U.S.C. § 1983 and state tort claims arising from Plaintiff's May 20, 2003 arrest, interrogation, and subsequent prosecution. Further, the current suit is barred due to issue preclusion, which prevents parties from re-litigating an issue that has already been litigated. The following requirements for its application are "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgments; and (4) the determination was essential to the prior judgment." *Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*, 64 F.3d 1227, 1231-1232 (3d. Cir. 1995). A litigant may also be prevented from bringing a suit for claims presented and lost in a prior proceeding against a different opponent. *See Alevras v. Tacopina,* 399 F. Supp. 2d 567, 574 (D.N.J. 2005) "A party who has had one fair and full opportunity to prove a claim and has failed in that effort should not be permitted to go to trial on the merits of that claim a second time."). *Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 (1971). With regard to the case at hand, the two major issues of whether the Defendants have violated 42 U.S.C. § 1983 and state tort laws have already been litigated and dismissed by Judge Wigenton.

Assuming *arguendo* that Plaintiff's claims were not barred by *res judicata* or issue preclusion, Plaintiff's claims are nevertheless barred by the statute of limitations. Defendants maintain that all of the claims asserted by Plaintiff have a two year statute of limitation. In response, Plaintiff argues that an abuse of process claim has a six year statute of limitation.

Congress did not set forth a statute of limitations to govern §1983; rather, Federal Courts look to the relevant state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). Actions filed under § 1983 are governed by the two year limitations period applicable to the state's personal injury claims. *Id.* at 276-78 (N.J.S.A. 2A:14-2). In addition, the civil rights and tort claims that are alleged are characterized as personal injury actions, so they are governed by the same. *Wilson*, 471 U.S. at 276-78. Further, any state law tort claims against public entities and employees are subject to a two year statute of limitation. *See* N.J.S.A. 59:8-8(b). Finally, the Court of Appeals for the Third Circuit has recognized that the statute of limitation for an abuse of process claim is two years. *Wiltz v. Middlesex Cnty. Office*, 249 Fed. App'x 944, 948-49 (3d Cir. 2007); *see also Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).

All of the claims alleged by Plaintiff arise between the time of his initial interrogation (May 20, 2003) and the date the indictment was dismissed (October 2004). Plaintiff filed his initial State and Federal Complaints in October 2006, but those claims were dismissed except for a claim against correction officials. Here, the Complaint was filed in February, 2010 – far after the date on which the limitation period expired.

Therefore, IT IS on this 5th day of July 2011 **ORDERED** that the State Defendants', OAG, DYFS, and their current and former employees, motion to dismiss is granted. (ECF No. 110.)

_____
PETER G. SHERIDAN, U.S.D.J.

July 5, 2011